**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Irina Weiss,**           )<br>                                                     )<br>       **Plaintiff.**                    )<br>                                                     )<br>**vs.**                                          )<br>                                                     )<br>**Ur Jaddou, Director, United States Citizenship**   )<br>**and Immigration Services ("USCIS");**                )<br>                                                     )<br>**Alejandro Mayorkas, Secretary for the**     )<br>**Department of Homeland Security (DHS);**    )<br>                                                     )<br>**Michael Borgen, District Director**            )<br>**for the USCIS New York City Field Office;**  )<br>                                                     )<br>       **Defendants.**                  ) | **CIVIL ACTION NO. 24-cv-5831** |

**COMPLAINT FOR REVIEW
UNDER THE ADMINISTRATIVE PROCEDURE ACT
AND PETITION FOR WRIT OF MANDAMUS**

# I. INTRODUCTION

1. Plaintiff Irina Weiss ("Ms. Weiss") is a Lawful Permanent Resident of the United States who resides in New York. Ms. Weiss filed her application for naturalization with United States Citizenship and Immigration Services ("USCIS") on April 18, 2022.

2. Defendants have failed to adjudicate Ms. Weiss's naturalization application for 26 months. After approximately two years and many ignored inquiries, Defendants finally notified Ms. Weiss on May 9, 2024 that an interview had been scheduled, only to then cancel the interview by notice dated May 20, 2024 without explanation, thereby returning her to an interminable and unlawful limbo of awaiting the scheduling of an interview.

3. Defendants' failure to so much as hold Ms. Weiss's initial interview in over 26 months, which is far in excess of the expected overall adjudication time of 8.5 months and which remains unexplained despite numerous inquiries, is unlawful and necessitates injunctive relief.

4. This interminable delay is causing immediate harm: Ms. Weiss's I-551 (Permanent Resident Card or "Green Card") expired on June 19, 2023, after her application for naturalization had been pending for 14 months. The expiration of her Green Card—after her naturalization application was already beyond expected processing times—has made international travel exceedingly challenging. Ms. Weiss's mother, who is in failing health, resides in Mexico, and Ms. Weiss needs to be able to freely travel to and return from Mexico to spend time with her. Due to Defendants' failure to adjudicate Ms. Weiss's application for naturalization, she cannot visit her mother without first making an

Infopass appointment to obtain an I-551 stamps, a cumbersome and costly process that renders free travel to and from Mexico a practical impossibility.

5. Because Defendants have failed to timely adjudicate Plaintiff's application for naturalization in accordance with the law and because such failure is causing immediate harm, Ms. Weiss brings this action challenging Defendants' conduct under the Mandamus Act and the Administrative Procedure Act ("APA").

6. Ms. Weiss seeks an order compelling Defendants to schedule an interview and adjudicate her naturalization application.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the Mandamus Act, 28 U.S.C. § 1361. The Court may grant injunctive relief pursuant 5 U.S.C. §§ 701 and 706 and 28 U.S.C. § 1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

## VENUE

8. The Eastern District of New York is a proper venue for this action under 28 U.S.C. § 1391(e)(1)(C) because Defendants are officers or employees of the United States; Ms. Weiss resides in Kings County, New York, which is where a substantial part of the actions giving rise to the claim occurred; and no real property is involved in the action.

## PARTIES

9. Plaintiff Irina Weiss is a citizen of Mexico, a Lawful Permanent Resident of the United States, and an applicant for naturalization. Ms. Weiss resides in Kings County, New York.

10. Defendant Ur Jaddou is the Director of U.S. Citizenship and Immigration Services ("USCIS"). She is the highest-ranking official within the USCIS, a sub-agency of the Department of Homeland Security ("DHS"). As the highest-ranking official at USCIS, she is responsible for the implementation of the Immigration and Nationality Act ("INA") and for ensuring compliance with applicable federal laws, including the APA. Ms. Jaddou is sued in her official capacity.

11. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security. As the highest-ranking official within the DHS, the Secretary is responsible for DHS implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. The Secretary is sued in his official capacity.

12. Defendant Michael Borgen is the District Director of the New York Field Office of USCIS, which has jurisdiction over applications for naturalization filed by residents of Kings County (Brooklyn). As the District Director, Mr. Borgen is responsible for the Field Office's implementation of the INA and for ensuring compliance with federal laws, including the APA. Mr. Borgen is sued in his official capacity.

## BACKGROUND

*Overview of Naturalization Eligibility Requirements and Process*

13. Naturalization is the process of "conferring of nationality of a state upon a person after birth, by any means whatsoever." 8 U.S.C. § 1101(a)(23). Naturalization occurs only in the manner and under the conditions prescribed at 8 U.S.C. §§ 1421–1458. *See* 8 U.S.C. § 1421(d). The Form N-400, Application for Naturalization is the application submitted

by Lawful Permanent Residents to show they meet the requirements for naturalization under 8 U.S.C. § 1427; *see also* 8 C.F.R. § 316.[1]

14. DHS has a congressionally-mandated duty to adjudicate applications for naturalization based on the statutory criteria for eligibility. 8 U.S.C. § 1446(d). For statutorily eligible applicants, the grant of the application for naturalization is mandatory, not discretionary. 8 C.F.R. § 335.3(a) ("USCIS *shall* grant the application if the applicant has complied with all requirements for naturalization under this chapter.") (emphasis added).

### *USCIS's Obligation and Efforts to Timely Adjudicate Naturalization Applications*

15. Although there is no specific statutory deadline for scheduling an interview for naturalization, Congress and DHS have recognized the uniquely compelling interest in prompt adjudication of naturalization applications generally. Naturalization interviews must be "held at regular intervals" to prevent undue delay in adjudication, 8 U.S.C. § 1445(c). Congress did not impose a comparable requirement on any other type of benefit application. To facilitate prompt naturalization, Congress allowed applicants to apply 90 days *before* having reached the requisite period of lawful permanent residence, 8 U.S.C. § 1445(a); 8 C.F.R. § 334.2(b), rather than waiting until the requisite residence period had been achieved. Finally, applicants are entitled to seek judicial review if an application remains pending without adjudication for 120 days post-interview. 8 U.S.C.

---

[1] The relevant requirements for naturalization are that the applicant: has been a permanent resident for more than five years; has been physically present in the US for more than 50% of the last five years; has continuously resided without interruption during the same period; has resided for the last 3 months in the USCIS jurisdiction of naturalization; possesses the requisite knowledge of English and civics; and is attached to the US constitution. *See generally* 8 U.S.C. § 1427. Although not in issue in this action, Ms. Weiss is *prima facie* eligible for naturalization.

5

§ 1447(b). Notably, Congress's baseline expectation is that immigration applications should be completed "not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b). That Congress went beyond the general adjudication timeline guidance and imposed specific procedural requirements to ensure the prompt adjudication of naturalization applications indicates Congressional prioritization of the naturalization of eligible permanent residents over and above other types of applications.

16. DHS has prioritized the promotion of naturalization since the beginning of this administration,[2] pursuant to Executive Order 14012, which directs the agency to "substantially reduce the current naturalization processing times."[3] Beginning in FY2021, USCIS has prioritized completing adjudication of more naturalization applications to reduce the number of pending N-400 applications and the typical duration of pendency.[4] USCIS's efforts have been successful: median N-400 processing times as of 2024 were

---

[2] *See* USCIS, DHS releases Interagency Strategy for Promoting Naturalization, *available at* https://www.uscis.gov/news/news-releases/dhs-releases-interagency-strategy-for-promoting-naturalization.

[3] *See* Exec. Order 1402 of February 2, 2021, Restoring Faith in Our Legal Immigration Systems and Strengthening Integration and Inclusion Efforts for New Americans, *available at* https://www.federalregister.gov/documents/2021/02/05/2021-02563/restoring-faith-in-our-legal-immigration-systems-and-strengthening-integration-and-inclusion-efforts.

[4] USCIS, FY2021 USCIS Annual Statistical Report, *available at* https://www.uscis.gov/sites/default/files/document/reports/2021%20USCIS%20Statistical%20Annual%20Report.pdf.

5.0 months, down from 11.5 in FY2021.[5] At Brooklyn Field Office, USCIS reports that 80% of N-400 applications are completed within 7.5 months of filing.

*Defendants' Failure to Timely Adjudicate Ms. Weiss's* **Prima Facie** *Approvable N-400*

17. Ms. Weiss properly filed her N-400, Application for naturalization, which shows her *prima facie* eligibility for naturalization, on April 18, 2022. She obtained her lawful permanent residence through her *bona fide* marriage to a U.S. citizen, and has been a lawful permanent resident since September 18, 2008. She has resided in the district of naturalization, Brooklyn, for years. In the past five years, she has spent only 123 days outside the United States in the aggregate, and has never spent more than six months in a single trip outside the United States. Since becoming a permanent resident, she has never broken her continuous residence in the United States. She has never been convicted of any crime, owes no taxes, and has not been arrested or charged within the statutory good moral character period of five years. She is prepared to demonstrate her knowledge of English and civics in the N-400 interview, as well as to swear her allegiance to the United States and its Constitution in an oath ceremony. There is no colorable question as to her legal eligibility.

18. By notice dated April 22, 2022, USCIS confirmed that she did not have to attend a biometrics appointment because USCIS already had on file her biometrics information. Thereafter, Ms. Weiss needed only to wait for the naturalization interview.

---

[5] USCIS, Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms By Fiscal Year: Fiscal Year 2019 to 2024 (up to May 31, 2024), *available at* https://egov.uscis.gov/processing-times/historic-pt.

19. As of June 6, 2023, Ms. Weiss had still not had further contact from USCIS, so she submitted her first inquiry. The case was already well beyond expected processing times, and her Green Card expiration date (June 19, 2023) was fast approaching. USCIS reported that it was "waiting for the results of [] required security checks" and advised Ms. Weiss to contact the Agency again if there was no further action by USCIS within 90 days.

20. On September 27, 2023, after the 90 days had elapsed with no further action, Ms. Weiss contacted the Agency again. This time, USCIS cited "workload factors not related to [her] application" that were causing a delay, and again advised to contact the Agency if there was no further action within 90 days.

21. On November 22, 2023, with no further action having occurred, Ms. Weiss submitted a Case Assistance Request to the USCIS Ombudsman.

22. As of January, 2024, the Ombudsman had not responded and no further action had yet been taken by USCIS. Ms. Weiss thus contacted Congresswoman Nydia Velazquez on January 12, 2024 for assistance, which her office was unable to provide.

23. On January 23, 2024, Ms. Weiss contacted USCIS yet again to request an update, because USCIS's requested 90-day affordance had yet again elapsed with no further action. On January 31, 2024, USCIS again cited "workload factors not related to [her] application" and this time gave a timeframe of "approximately 6 months from the date of this notice" for "completing [her] case." Notably, the six-month anticipated further delay was longer than the median processing time (five months) for N-400s in FY2024 year to date, notwithstanding that her application had already been pending for *over 18 months*.

24. The USCIS Ombudsman responded to the November 22, 2023 inquiry on February 27, 2024, advising that USCIS was "completing the necessary checks required for all its forms" and that USCIS "cannot give [] a specific timeframe" for resolution of the checks. Thus, even the inexcusably prolonged period anticipated by USCIS in its January 31, 2024 inquiry response—that the application would take an additional six months to complete—had, by February, gone out the window.

25. Ms. Weiss submitted yet another inquiry to USCIS on June 7, 2024, but has yet to receive a substantive reply.

26. The pattern of evasion and prolongation of the anticipated delay in response to diligent and repeated inquiries clearly shows that Ms. Weiss cannot anticipate that *any* adjudication—much less an adjudication that comports with the Congressional and Executive scheme for prompt adjudication of N-400 applications—is forthcoming.

27. In addition to the inherent hardship posed by such egregious delay, Ms. Weiss is suffering additional burdens as a result of USCIS's refusal to schedule her interview and adjudication her N-400 application.

28. As Ms. Weiss has advised USCIS, her mother is elderly and in very poor health, and is residing in Mexico. Ms. Weiss needs to be able to travel freely to see her at regular intervals for both caretaking and emotional reasons. Yet, given that her Green Card expired on June 19, 2023, Ms. Weiss has to go through the inconvenience and expense of making an Infopass appointment with USCIS to get an I-551 Stamp in her passport in order to authorize her to travel. If Ms. Weiss were to need to spend a prolonged period with her mother during her end of life stage, she could not do so without jeopardizing her Lawful Permanent Residence and possibly creating a break in the continuing of her

residence required for naturalization. Ms. Weiss is faced with the prospect of paying an additional costly fee of nearly $500 for the I-90 in order to renew her Green Card, simply because USCIS refuses to adjudicate her naturalization application.

## CLAIMS FOR RELIEF

### Count One
### Violation of the Administrative Procedure Act in the Unreasonable Delay in Adjudicating Plaintiff's Application for Naturalization

1. Plaintiff re-alleges and incorporates by reference all foregoing paragraphs in this complaint as if set forth herein.

2. Defendants' failure to act on Plaintiff's application for naturalization, pending since April 18, 2022, constitutes agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

3. This Court should compel USCIS to immediately schedule for interview and promptly adjudicate Plaintiff's long-pending application for naturalization under its authority at 5 U.S.C. § 706(1).

### Count Two
### Failure to Perform Duty Owed to Plaintiff

1. Plaintiff re-alleges and incorporates by reference all foregoing paragraphs in this complaint as if set forth herein.

2. Defendants' failure to adjudicate Plaintiff's application for naturalization constitutes failure to perform a duty owed to the Plaintiff under 28 U.S.C. § 1361.

3. This Court should compel USCIS to immediately schedule for interview and promptly adjudicate Plaintiff's long-pending application for naturalization under its authority at 28 U.S.C. § 1361.

## Count Three
### Violation of the Administrative Procedure Act in Choosing to Delay Adjudication of Plaintiff's Application for Naturalization

4. Plaintiff re-alleges and incorporates by reference all foregoing paragraphs in this complaint as if set forth herein.

5. The Agency has chosen to delay adjudication of the application for naturalization, effectively constituting a denial of Plaintiff's application. This choice to delay was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

6. Defendants' choice to delay adjudication of the application for naturalization for Plaintiff was in excess of statutory jurisdiction, authority, or limitations. 5 U.S.C. § 706(2)(C).

7. Because Defendants' choice to delay the application for naturalization violated the Administrative Procedure Act, it should be held unlawful and set aside under 5 U.S.C. § 706(2).

## VII. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Defendants be cited to appear herein, and that, upon due consideration, the Court enter an order:

> a. Declaring Defendants' choice to indefinitely delay adjudication of Plaintiff's application for naturalization to be arbitrary, capricious, in abuse of discretion, not accordance with the law, and unsupported by substantial evidence under 5 U.S.C. § 706(2)(A),(E);

b. Declaring the 26-month delay in processing Plaintiff's application for naturalization to be agency action unlawfully withheld or unreasonably delayed and compelling agency action under 5 U.S.C. § 706(1);

c. Declaring the nine-month delay in processing Plaintiff's application for naturalization to constitute failure to perform a duty owed to Plaintiff and compelling agency action under 28 U.S.C. § 1361;

d. Awarding the Plaintiffs reasonable attorney's fees and costs, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) & 5 U.S.C. § 504 *et seq.*; and

e. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

*/s/ Matthew Bray*
_____
Matthew Bray, NY Reg. No. 4515110
Law Office of Matthew Bray
119 West 23rd Street
New York, NY 10011
929.256.5908
mattbraylaw@protonmail.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Matthew Bray, hereby certify that on <u>August 21</u>, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby further certify that I will mail the document or paper to the following persons via first class mail on <u>August 21</u>, 2024:

Attn: Civil Chief
United States Attorney's Office
271 Cadman Plaza East, 7th Floor, Civil Division
Brooklyn, New York 11201

Alejandro Mayorkas
Office of the General Counsel
United States Department of Homeland Security
Washington D.C.  20528


Respectfully submitted,

_____
Matthew Bray, NY Reg. No. 4515110
Law Office of Matthew Bray
119 West 23rd Street
New York, NY 10011
929.256.5908
mattbraylaw@protonmail.com

Attorney for Plaintiff